BELL et al. v. CAMPBELL et al.

(Court of Civil Appeals of Texas. Amarillo.
Dec. 16, 1911. Rehearing Denied
Feb. 2, 1912.)

**1. CONTRACTS (§ 127*)—AWARDS—VALIDITY.**

An award under a building contract, providing for the arbitration of all differences, is valid both at common law and under the statute; it appearing that the contract was not made with intent to oust the courts of jurisdiction and that the award was bona fide.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 608–615; Dec. Dig. § 127.*]

**2. PRINCIPAL AND SURETY (§ 82*)—BOND FOR PERFORMANCE OF CONTRACT—AGREEMENT TO ARBITRATE.**

Though a building contract containing a provision for arbitration of differences between the owner and the contractor was not signed by the sureties on the bond to secure performance, the bond having been executed contemporaneously with the contract and referring to its provisions, they were bound by the agreement to arbitrate.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 127; Dec. Dig. § 82.*]

**3. ARBITRATION AND AWARD (§ 27*)—ARBITRATION—RELATIONSHIP—"RELATED BY AFFINITY."**

An award made by an arbitrator whose nephew married a sister of one of the principals is not invalid either under the common law or the statute, because of the relationship, for Rev. St. 1895, art. 48, providing that an arbitrator shall not be related to either party by consanguinity or affinity, means relationship by affinity in the third degree.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 137–140; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 1, pp. 245–247.]

**4. ARBITRATION AND AWARD (§ 82*)—AWARD—EFFECT.**

Where an award recited that plaintiff had signed the agreement for arbitration and plaintiff raised no question in the trial by arbitration as to his signing, the award was conclusive upon that issue.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 440–450; Dec. Dig. § 82.*]

**5. APPEAL AND ERROR (§ 1040*)—REVIEW—HARMLESS ERROR.**

The sustaining of an exception to plaintiff's supplemental petition, wherein he denied the execution of an agreement to arbitrate, is harmless, if erroneous, where plaintiff while testifying admitted that he was bound by the agreement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

**6. TRIAL (§ 25*)—ARGUMENTS—OPENING AND CLOSE.**

Where a defendant confessed and avoided plaintiff's cause of action, and a demurrer was sustained to the answer of the second defendant who did not amend, the first-named defendant under district court rule 31 (67 S. W. xxiii), providing that plaintiff shall have the right to open and conclude unless the burden of proof of the whole case rests on defendant, or unless the defendant, or all of the defendants, shall admit plaintiff's cause of action, in which case the defendant or defendants shall have the right to open and conclude, and Rev. St. 1895, art. 1299, providing that the party having the burden of proof shall be entitled to open and close, was entitled to open and close, though he did not admit the cause of action attempted to be set up by the second defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

**7. TRIAL (§ 25*)—ARGUMENTS—OPENING AND CLOSE.**

In an action by materialmen against the owners of a building which had burned during construction, where the owners confessed the materialmen's cause of action, but set up that the materialmen were sureties on the bond of the contractor who had breached his agreement, and that they were liable under a certain award, the burden was upon the defendants, and they were, under district court rule 31 (67 S. W. xxiii) and Rev. St. 1895, art. 1299, entitled to the opening and close.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

**8. PRINCIPAL AND SURETY (§ 142*)—LIABILITY OF—SET-OFF.**

Sureties upon the bond of a contractor, who was constructing a building which burned before completion, having furnished materials appropriated by the owners after the fire, are entitled to deduct the benefits received by the owners from their liability as sureties.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 142.*]

Appeal from District Court, Cottle County; Jo A. P. Dickson, Judge.

Action by M. T. Bell and A. L. West, copartners, against R. E. Campbell and others. From a judgment for defendants on their cross-complaint, plaintiffs appeal. Affirmed.

Cecil Storey and George Ross, for appellants. Brown & Warlick, for appellees.

PRESLER, J. In this suit M. T. Bell and A. L. West, a copartnership (appellants), sued H. L. Campbell, R. E. Campbell, and J. F. Hardin, for a certain sum named in appellant's petition and alleged to be due for certain material furnished the said J. F. Hardin in the construction and erection of a certain building for appellees, R. E. and H. L. Campbell, in the town of Paducah, Cottle county, Tex., under and by virtue of a certain contract of building by and between the said J. F. Hardin, contractor, and appellees R. E. Campbell and H. L. Campbell, as owners. Appellants also claim the sum of $1,000 as against appellees R. E. and H. L. Campbell, as benefits received by them and appropriated to their own use, consisting of certain foundation and material remaining on appellee's lot after the destruction of the building in question by fire, and alleged to have been converted by appellees to their own use. Appellants also asked for foreclosure of an alleged materialman's lien upon said lot, to which suit appellees R. E. Campbell and H. L. Campbell answered by a denial of liability, and as a defense in bar to appellant's suit also pleaded a certain award of arbitrators rendered in favor of said appellees and against said J. F. Hardin

and appellants, in accordance with an agreement to arbitrate which was embodied in said contract of building. Appellees Campbell brothers further alleged that appellants had guaranteed the fulfillment of said contract by becoming sureties upon the said Hardin bond, conditioned to secure the faithful performance of said building contract, and are bound by said award rendered in accordance with said contract. The defendant Hardin answered adopting the pleading of appellants as the contract sued on, and as against appellees alleged the practical completion of the building according to the contract, and that without fault of his the building was totally destroyed by fire, claimed a balance on the contract price of the building, and asked for judgment against appellees and for the foreclosure of a mechanic's lien against the lot belonging to appellees, upon which said building was erected. A demurrer having been sustained to said Hardin's answer, he failed to amend and does not here appeal from the judgment rendered.

On the trial of the case the court instructed the jury, first, to render a verdict in favor of appellees R. E. Campbell and H. L. Campbell on said award of arbitration and against M. T. Bell, A. L. West, and J. F. Hardin for the sum of $2,026.50, and further to the effect that if the jury believed from the evidence that, after the rendition of said award, appellees had taken possession and control of any material and foundation, which was furnished by appellants for the construction of said building, and had appropriated the same to their own use and benefit, to estimate the reasonable value of said benefits and deduct such sum from the sum of $2,026.50, and render verdict for the difference in favor of appellees. Under this instruction, the jury found their verdict in favor of the said appellees R. E. and H. L. Campbell for $1,453.60 and costs of suit, and also against J. F. Hardin in favor of appellants for the same amount. Upon this verdict, judgment of the court was accordingly entered in favor of appellees and against appellants and J. F. Hardin in the sum of $1,453.60, with interest at the rate of 6 per cent. per annum and removing cloud from the title of appellees to lot No. 8, in block No. 5, in the town of Paducah, cast thereon by appellants' alleged materialman's lien, from which said judgment appellants have duly appealed and here assign error.

Appellants, under their second, eighth, fifteenth, and seventeenth assignments of error, which are grouped and relate to the award of arbitration and the effect given the same by the court, contend: (1) That the agreement to arbitrate, if any, contained in the original building contract, is void, because the same was an agreement to submit a possible controversy to arbitration made before the controversy had arisen, and that

it involved the determination of the right of recovery, both as to law and fact, and tends to oust the courts of jurisdiction and substitute the contract tribunal instead of the one provided by law for the trial of lawsuits; (2) that appellants not having signed the original building contract, but their undertaking being evidenced by the bond only, they are at most guarantors, and are not bound by the arbitration and award unless they voluntarily submit to arbitration and appear before the arbitrators; (3) that family relationship exists between one of the arbitrators and one of the parties, and on that ground the award was void; (4) which is a restatement (in part) of the first ground, to the effect that the arbitration in question is not valid as a statutory one, for the reason that the statute contemplates a disputed controversy shall already exist before the agreement to arbitrate, and that all three arbitrators were chosen at the time by the parties.

[1] We find from the evidence that the clause in the contract providing for arbitration is as follows: "And it is further agreed by the parties hereto to submit and hereby do submit each, all, and every demand between them hereafter arising, if any, concerning the value of any changes of, or omissions in, or additions to, the aforementioned plans and specifications, or concerning the manner of performing or completing the work or the time or manner of and payment to be made under this agreement, or the quantity or quality of the labor or material, or both, to be done, furnished, or provided under this agreement, or any other cause or matter touching the work, the materials, or the damages contemplated, set forth, or referred to in or by this agreement or concerning the construction of this agreement to the determination of T. J. Richards, J. B. Earle, and J. M. Barron, the award of whom or the award of the majority of whom being made and reported within 10 days from the time hereinbefore fixed upon the final completion of this agreement to the district, county, or justice's court, whichever may have the jurisdiction of the amount in controversy, in Cottle county, Tex., the judgment of which shall be final, and, if either of the parties shall neglect to appear before the arbitrators after due notice given of the time and place appointed for hearing the parties, the arbitrators may proceed upon his or their absence.

That the arbitrators named in the agreement met and made the following award: "The undersigned arbitrators selected by the above-named parties in their agreement dated on the 7th day of February, A. D. 1910, and duly filed with J. O. Doolen, district clerk in and for Cottle county, Tex., being filed the 26th day of April, A. D. 1910, having on the 30th day of April, A. D. 1910, being the day assigned by the clerk for trial of said con-

troversy, being duly sworn by said clerk, according to law, and finding that all the parties had been duly and legally notified to be present to present their side of this controversy on this date, and having heard the allegations and proof, together with the law incident to the said controversy, do render the following award: We do agree and do decide that the said J. F. Hardin entered into a contract with the above-mentioned Campbell brothers to build, construct, and complete a certain brick building in Paducah, Tex., for the said Campbell brothers, and that M. T. Bell and A. L. West entered into a bond for $2,026.50 conditioned to carry out the stipulations and agreements in said contract. We further hereby agree and decide that the building contract has been breached by the said J. F. Hardin and his bondsmen, and that under the law the said J. F. Hardin, M. T. Bell, and A. L. West are liable to the said R. E. Campbell and H. L. Campbell for the sum of $2,026.50 by reason of the breach of said contract. It is therefore agreed and ordered by this court of arbitration that the said J. F. Hardin, M. T. Bell, and A. L. West do pay to the said R. E. Campbell and H. L. Campbell, and that the said R. E. Campbell and H. L. Campbell do recover of and from the said J. F. Hardin and his bondsmen, M. T. Bell and A. L. West, the sum of $2.026.50, and that the said J. F. Hardin, M. T. Bell, and A. L. West shall pay all costs in this behalf incurred."

It further appears from the evidence that appellants executed the contractor J. F. Hardin's bond as surety—that is, that M. T. Bell signed for himself and also signed the name of his copartner, A. L. West, having authority so to do—and that in making said bond, for said contractor, the purpose and object was to secure business for the copartnership, and that said act appears to be in pursuance of a custom of theirs to secure business by thus enabling contractors to secure the erection of buildings, and while the appellant West denied in his pleading the execution of the bond, as alleged by appellees, he admitted in his evidence that his partner, M. T. Bell, had the authority to sign his (West's) name to the bond; the condition of said bond being in effect that they would carry out each stipulation in the building contract or pay to appellees Campbell brothers the sum of $2,026.-50. The building contract also provided for arbitration of controversies and disputes with reference to the carrying out of the said contract. It also appears from the evidence that the building burned down before completion, and that the contractor and his sureties refused to complete or rebuild the same. Further breaching of the contract is also shown to the effect that the contractor, J. F. Hardin, failed to keep the building insured for the benefit of appellees, as the building progressed, as provided for in said contract, and that the arbitrators named in the contract and agreed to by the parties thereto were called together to settle the controversy thus arising between the contractor and appellees and these appellants. It further appears from the evidence that the arbitrators proceeded in holding said arbitration strictly as provided for in the contract and upon notice thereof to the parties in interest, and that said agreement to arbitrate, as embodied in said contract, provided, that, if either of the parties should neglect to appear before the arbitrators after due notice given of the time and place appointed for hearing, the arbitrators might proceed in his or their absence, and upon the award so found by said arbitrators, or the majority of them, being reported within 10 days from the time fixed for the final completion of said contract, in the district court or justice court having jurisdiction of the amount in controversy of Cottle county, Tex., that such award should become final. It also appears from the evidence that said award was duly filed in the district court of said Cottle county, Tex., as provided in said agreement. While it is apparent from the evidence that the parties to this arbitration, both as to the agreement for the same embodied in the contract, and in the proceedings had thereunder, had in view a statutory arbitration, we are of the opinion that said arbitration and award should be sustained both at common law and under the statute, and that the objections as hereinbefore set out, on the part of the appellants, to wit, as shown under appellant's first and fourth propositions, as hereinbefore enumerated, to the effect that said agreement to arbitrate and said award thereunder were void because the same was an agreement to submit a possible controversy to arbitration and one not existing at the time of the agreement had, cannot be sustained.

The question here presented as to the validity of an arbitration had upon an agreement to arbitrate disputes not existing but provided for in an executory contract is, we think, decided in the case of Florida Athletic Club v. Hope Lumber Co., 18 Tex. Civ. App. 169, 44 S. W. 14, adversely to appellant's contention. In that case the contract contained the following clause with reference to arbitration: "Should any dispute arise between the parties hereto as to the full compliance by the Dallas Lumber Company of all things by them to be performed under this agreement, then the said E. H. Silven shall be final arbitrator of any such suit, and his decision shall be final of any such matter." The court saying: "It is contended by the appellee that the above clause of the contract is void because it confides to the determination of the arbitrator every dispute arising as to the full compliance by the said Dallas Lumber Company of all things by them to be performed under the agreement or contract. The distinction is to be noted between a contract providing for the certificate of an architect where the work is executed under his general superintendence as to the amount of

work done from time to time and stipulating the amount to be paid by the owner and the stipulation in the contract sued upon. In the former case the procuring of such certificate is held to be a condition precedent to the right to sue on the contract, citing Childress v. Smith, 90 Tex. 616, 38 S. W. 518, and other authorities. It will be seen that the clause above quoted makes E. H. Silven the final arbitrator of any dispute between parties and provides that his decision shall be final in any such matter. It has been held that any agreements in an executory contract to refer all matters of dispute that may arise under the contract of arbitration will not oust the courts of jurisdiction. * * * Some of the decisions hold that such a clause is void. See cases cited above, and especially cases cited in note to Assurance Company v. Hocking (Pennsylvania Supreme) 2 Am. St. Rep. 568. The true rule seems to be that such a clause cannot oust the courts of jurisdiction, and, when invoked for that purpose, will be held void, yet if the parties have, before suit is instituted, proceeded with the arbitration under the contract, and an award, in the absence of fraud or mistake, has been made, suit must be on the award, and not on the contract. If there was a dispute between the parties, and they, acting under the contract, fairly submitting the matter to an arbitrator, and he acting under the contract made an award, such an award, in the absence of fraud or mistake, would be binding upon the parties."

It appears that the arbitration and award was had in this case before the filing of any suit, and there is nothing in the evidence to indicate that said arbitration was invoked for the purpose of ousting the courts of jurisdiction, and while we are cited to numerous authorities of other states, to the effect that such contract to arbitrate disputes not in existence but contemplated as possible, in executory contracts, are invalid and will not be enforced by the courts, we are of the opinion that the law as recognized in this state is as announced in the opinion above quoted, it having been at all times the policy of our courts, under the law in this state, to regard with favor awards made by arbitrators chosen by parties to a controversy, and in the absence of fraud, mistake, or misconduct, to make such award final and conclusive as to all matters embraced in the agreement. Sanders v. Newton, 124 S. W. 482; Green v. Franklin, 1 Tex. 497; H. & T. C. Ry. Co. v. Newman, 2 Willson, Civ. Cas. Ct. App. § 349; Forshey v. Railroad Co., 16 Tex. 518.

In the case of Ridgill Bros. v. Dupree, 85 S. W. 1167, the Court of Civil Appeals for the Third District, Chief Justice Fisher rendering the opinion, says: "There is much evidence in the record, in fact, it seems to preponderate in favor of the title of the appellee Dupree to the animal in controversy, and, but for the issue of arbitration as disclosed by the pleadings and evidence, we would affirm the judgment of the trial court, but as we view the testimony—and we have carefully considered the same—the evidence is convincing to the effect that there was a common-law arbitration between the parties to this suit as to the title to the animal in question, and in our opinion there is no evidence attacking the validity of that arbitration and its binding effect. The arbitrators awarded the animal to the appellants. * * * How much we may be convinced by the evidence in the record that the true title to the animal might be in Dupree, still we are of the opinion that he is bound by the award of the arbitrators. The arbitrators were men of his selection, and he introduced no evidence of fraud or such gross mistake or unfair conduct as would justify this court in setting aside the award. After the award was established by the evidence of the appellants, the burden then rested upon the appellee that would establish the facts that would relieve him from its legal effect. This was not done. * * * Having reached the conclusion that the award is binding, the judgment of the trial court is reversed and here rendered in favor of appellant."

From these authorities it will be seen that in the absence of fraud, gross mistake, or misconduct, the award rendered by arbitrators in pursuance of an agreement to arbitrate, when fairly conducted, is binding upon the parties thereto, and we are of the opinion that neither of the objections urged by appellants against the validity of the award in this case are sufficient to invalidate the same as an arbitration at common law, or under the statute.

[2] It is true, as contended by appellants, under their second proposition, that appellants did not sign the original contract, and that their undertaking was evidenced by the bond alone; but we are of the opinion that the conditions of the bond being for the performance of the agreements set forth in the contract, and the two instruments having been executed at the same time, and referring each to the other, that appellants, as sureties upon said bond, were bound with the contractor as to the agreements and undertakings set forth in the contract, and, appellants having had notice of said arbitration, the award rendered was valid and enforceable, both as to them and their joint obligor, the contractor.

[3] Nor do we think that the relationship shown to exist between one of the arbitrators and one of the parties to said arbitration was sufficient to render the award void at common law or under the statute. While possibly such relationship as is shown in this case might not be in strict compliance with the qualifications of arbitrators as provided for by the statute, and, viewed as a statutory award, this objection might have some technical weight, yet we are inclined to the opinion that the relationship referred

to (Rev. St. art. 48) should be construed as meaning relationship within the third degree, which is not here shown. The witness T. J. Richards, one of the arbitrators, testified: "Campbell brothers are not related to me in any way. No relationship exists between us except one of my nephews married one of Campbell brothers' sisters." It further appears that there was no attempt to show that all the facts as to such disqualification, if any, were unknown to J. F. Hardin, the contractor (and appellants), at the time of the selection of the arbitrators and at the time of the submission, and it also appears that the appellant M. T. Bell read the contract before signing the bond, or had opportunity to read the same, and appeared to do so, and made no objection to the arbitrators named therein, and that no objection was made at any time by either Hardin or these appellants prior to said award.

We therefore conclude that no reversible error is shown under appellants' second, eighth, fifteenth, and seventeenth assignments, and the same are, accordingly, disallowed and overruled.

[4, 5] Appellants' sixth assignment of error is to the effect that the court erred in sustaining the following exception made by appellee, to wit: "Defendants further specially except to the said supplemental petition, wherein A. L. West denies under oath the execution of the bond as alleged by these defendants, so far as it relates to these defendants' cross-action on the award, for the reason that such authority has been settled by said court of arbitration, and defendants say said award is res adjudicata as to this question. Wherefore these defendants pray judgment of the court." As hereinbefore indicated, we are of the opinion that the award rendered by the arbitrators was valid and binding upon these appellants, and that in said arbitration no objection or question having been raised as to the execution of said bond, by either of the parties thereto, we conclude that said award is final and is res adjudicata as to the question of the execution of the same by the said A. L. West, and that the court did not err in sustaining appellees' exception in question. We are further of the opinion that, even if we are in error in the above conclusion, in view of the evidence, the error of the trial court in sustaining said exception, if said action should be so held, was harmless and without prejudice to these appellants, in view of the evidence of appellant A. L. West, to the effect that M. T. Bell was his partner, and that the copartnership were engaged in the lumber business, and that the said Bell had authority to sign his (West's) name to the bond, and of the other evidence with reference to the making of such bonds by said copartnership and as to the purpose and object in their making the bond in question. Fagan v. Fagan, 120 S. W. 550.

[6, 7] Appellants, under their seventh assignment of error, complain of the action of the court in permitting appellees to open and conclude the argument on the ground that the written admission as to plaintiffs' cause of action was not made in behalf of all the defendants, and also that said admission only admitted the plaintiffs' cause of action and did not admit the case made by appellees' codefendant, Hardin. In view of the issues made by the pleadings of the respective parties to this suit, and the rulings of the court thereon, had and entered before the argument of the case, we are of the opinion that the court did not err in permitting the appellees to open and conclude the argument, either under rule 31 for the government of the district courts (67 S. W. xxiii), or under article 1299 of the Revised Statutes, which is as follows: "After the evidence is concluded, the parties may submit the case to the jury in argument. The party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument. Where there are several other parties having separate claims of defenses and represented by different counsel, the court shall prescribe the order of argument between them." The answer of the defendant Hardin, having set up no defense against appellants' demands, but, on the contrary, having adopted the allegations of appellants' petition as to the contract declared on, and further in his answer in the nature of a cross-bill sought to recover against defendants, because of certain payments alleged to be due him for the construction of said building, alleging that the same had been burned without his fault, and for foreclosure of an alleged mechanic's lien on appellees' lot, on which said building was being constructed, and the court having sustained a demurrer to said answer, and said defendant Hardin having failed to amend, and not having appealed from said ruling of the court, these appellees were under no necessity to include him in their admission as to appellants' cause of action, or to admit the cause of action set up by said defendant in his answer and held insufficient in law by the court.

It also further appears from the pleadings of the parties that, while appellants had made said Hardin a codefendant with these appellees, there was no interest in common between them. We are further of the opinion that upon the material issues in the case, as made by the pleadings and the rulings of the court, the burden of proof was on the appellees. Appellants, who were sureties on the contractor Hardin's bond, filed this suit against him and appellees, Campbell brothers (the latter being the owners of the building), on an itemized statement for material furnished their principal (Hardin), and to foreclose a materialman's lien. The appellees (Campbell brothers) admitted the execution of the contract and pleaded that the building was burned down before completion, and that

the said Hardin, as contractor, and appellants herein, his sureties, had breached their contract, and were liable to appellees as owners of the building in damages for the breach, and also pleaded a certain award of arbitrators against said appellants and Hardin. District Court Rule No. 31 (67 S. W. xxiii); article 1299, Revised Statutes; Hittson v. State Nat. Bank of Ft. Worth, 14 S. W. 780.

[8] We are also further of the opinion that upon the whole case, as made by the pleadings and the evidence, the court below properly instructed the jury, in effect, to find for appellees on the award of the arbitrators, and to find for appellants the amount of the benefits received by appellees, by reason of their appropriating to their own use, after the fire, any foundation or materials remaining of said building and furnished by appellants, and to estimate the amount of such benefits, if any, and deduct the same from the amount of the award, and to find for appellee in the sum of the difference so ascertained, and appellants' remaining assignments, alleging errors on the part of the court in refusing special charges, inconsistent with the general charge above referred to, and complaining of the admission of evidence over their objection, and of the verdict of the jury in adjudging the costs of court against appellants, failing in our opinion to present reversible error, we conclude that the judgment appealed from should be in all things affirmed, and it is, accordingly, so ordered.

HALL, J., not sitting.

GRAHAM, C. J. I am inclined to the opinion that, as the building contract provided in legal effect for a statutory arbitration, the sureties on the bond would not be bound by the award, if the arbitration were not sufficient as a statutory one, and good only at common law; but, believing the arbitration had to be sufficient as a statutory one, I concur in the disposition made of the appeal.