TELEOMETRICS INTERNATIONAL,
INC. and Jeffrey A. Goforth,
Appellants,

v.

Ernest Jay HALL, Ph.D., Appellee.

No. 01–95–00770–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 28, 1995.

Order Overruling Rehearing
Feb. 29, 1996.

C. Michael Matkin, Houston, for appellants.

Joseph T. Kennedy, Woodlands, for appellee.

Before HEDGES, COHEN and TAFT, JJ.

## OPINION

HEDGES, Justice.

Appellants, Teleometrics International, Inc. and Jeffrey A. Goforth (jointly "appellants"), appeal a judgment confirming an arbitration award issued in favor of Ernest Jay Hall, Ph.D., appellee. In three points of error, appellants claim that the trial court erred in entering judgment because (1) there was no summary judgment evidence of a binding arbitration agreement between the parties; (2) the award was incomplete and unenforceable; and (3) appellants filed a timely application to vacate the award. We affirm.

## FACTS

On April 1, 1993, Ernest Jay Hall ("Hall"), Jeffrey Goforth ("Goforth"), and Teleometrics executed an Integrated Agreement for Sale and Redemption of Stock of Teleometrics. The Integrated Agreement provided that "[a]ny unresolved disputes arising hereunder, including the construction or application of this Agreement, shall be submitted and settled by arbitration in accordance with the rules of the American Arbitration Association."

In 1994, Hall brought a claim in arbitration against both Goforth and Teleometrics claiming various breaches of their agreements. Arbitration proceedings were held in June 1994 in accordance with the Integrated Agreement. On August 29, 1994, the arbitrator delivered an award in favor of Hall and against Goforth and Teleometrics jointly and severally in the amount of $1,127,237 plus interest.

Appellants refused to pay Hall within 30 days as required by the award. On September 9, 1994, Hall filed a Petition to Confirm Arbitration Award in district court in Montgomery County which was amended on September 16. On September 29, 1994, Hall filed a motion for clarification with the American Arbitration Association to determine whether the award included certain claims. The arbitrator denied Hall's motion on October 21, 1994, and notified the parties on October 25, 1994 that he denied the award.

On September 28, 1994, appellants filed a motion to transfer venue under article 235(b) of the Texas General Arbitration Act. TEX. REV.CIV.STAT.ANN. art. 235(b) (Vernon 1973). The court granted the motion and transferred the case to Harris County on November 16, 1994. Hall filed a Motion to Confirm Arbitration Award and Entry of Judgment under the Texas General Arbitration Act in the 165th District Court of Harris County on November 29, 1994. He filed a First Supplemental Petition on January 5, 1995 to reflect that the First Amended Petition, originally filed in Montgomery County and transferred to Harris County, was brought under the Texas General Arbitration Act, not the "American Arbitration Act" as originally pled.

Appellants filed their original answer, a general denial, in Montgomery County on October 3, 1994. On January 8, 1995, they filed their first amended answer in Harris County. This pleading represents their first application to vacate the arbitration award under the Texas General Arbitration Act. They also brought a counterclaim for damages and sought injunctive relief. On January 9, 1995, appellants filed a second amended answer and counterclaim which duplicated their first amended answer except for deletion of the words "under the Texas General Arbitration Act."

The trial court held a hearing on Hall's motion to confirm the arbitration award on January 13, 1995. The threshold issue before the court was whether appellants had complied with rules 237 and 238 of the Texas General Arbitration Act, which require that any motion to modify or vacate an arbitration award be made within 90 days after delivery of the award. After consideration of the record and of trial briefs on the issue, the trial court ruled in Hall's favor and entered judgment on January 23, 1995 confirming the award.

## UNTIMELY MOTION TO SET ASIDE/VACATE AWARD

In point of error three, appellants argue that the trial court erred in entering judgment on the arbitration award without a hearing because appellants had timely filed a motion in opposition to the entry of judgment and to set aside the award, first under the American [Federal] Arbitration Act, which has a three-month limitations period,[1] and alternatively, under the Texas General Arbitration Act, which has a 90–day limitations period.

■ Appellants' primary argument at the January 13, 1994 hearing, and in their subsequent brief to the court, concerned the 90–day limitations period to file a motion to vacate under article 237 of the Texas General Arbitration Act. It is for the first time on appeal that they claim to have relied on the federal act. Thus, both parties acknowledged by their pleadings and conduct that they were operating under the Texas General Arbitration Statute, not the Federal Arbitration Act.[2] Because we have found that the Federal Arbitration Act is not applicable to the facts of this case, it will not be addressed.[3]

Contrary to appellants' assertion, the trial court held a hearing on Hall's motion to confirm the arbitration award on January 13, 1995. At that hearing, the court requested briefing by both parties regarding the 90–day limitations period under the Texas act, and both parties complied with this request. After reviewing the briefs, the trial court ruled in Hall's favor, thereby implicitly finding that appellants did not timely make their application to vacate the arbitration award.

■ Appellants argue that they did file their application with the court to vacate the arbitration award in a timely manner. The award was delivered on August 29, 1994, and their amended answer embodying a request to vacate the award was filed January 8, 1995. If August 29 is the date on which the 90 days began to run, then appellants' application was filed out of time. Appellants' argue that the 90 days began to run, not on August 29, but on October 25, the day the arbitrator's denial of Hall's motion to clarify the award was delivered.

■ The Texas General Arbitration Act provides that a court may confirm an arbitration award upon application of a party unless grounds are urged for vacating, modifying, or correcting the award within the time limits specified in other articles. Tex.Rev.Civ.Stat. Ann. art. 236 (Vernon 1973). The act also provides that a party may apply to a court to

1. *See* Federal Arbitration Act, 9 U.S.C.S. § 12 (Law.Co-op.1987).

2. Appellants claim that they had no knowledge that Hall was seeking judgment on the award under the Texas General Arbitration Act until he filed his supplemental petition on January 5, 1995. This argument is unpersuasive for three reasons. First, appellants acknowledged that the cause was brought under the Texas General Arbitration Act in their motion to transfer venue, dated November 11, 1994. Second, Hall filed his motion to confirm arbitration award and for entry of judgment on November 29, 1994, specifying that it was pursuant to the Texas General Arbitration Act. Finally, in Defendants' First Amended Answer and Counterclaim, filed on January 8, 1995, appellants applied to the trial court for an order vacating the arbitration award under the Texas General Arbitration Act. On January 9, 1995, however, they filed their Second Amended Answer and Counterclaim and omitted the words "under the Texas General Arbitration Act."

3. Equally as important, the Federal Arbitration Act applies *only to a contracts that involve* "commerce among several states." *See* Federal (or United States) Arbitration Act, 9 U.S.C.S. § 1 (1987); *Shearson Hayden Stone, Inc. v. Liang*, 493 F.Supp. 104, 106 (N.D.Ill.1980), *aff'd*, 653 F.2d 310, 311 (7th Cir.1981). Neither Hall nor appellants have alleged facts involving interstate commerce. Without such a predicate, the Federal Arbitration Act does not apply.

vacate an arbitration award if the application is made within 90 days after the delivery of the award. TEX.REV.CIV.STAT.ANN. art. 237 (Vernon 1973). We agree with Hall that the 90–day period in article 237 is a limitations period after which a party no longer has a right to petition a court to vacate an arbitration award. *See Louisiana Nat. Gas Pipeline v. Bludworth Bond Shipyard, Inc.*, 875 S.W.2d 458, 462 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (under the Texas General Arbitration Act, a party to an arbitration agreement was not entitled to vacation of an amended arbitration award where the suit to vacate was not filed within 90 days of the date the amended findings and the award were delivered).

In this case, the arbitration award was delivered on August 29, 1994. Appellant filed a Motion for Post–Trial Conference and for Clarification of Award with the arbitrator on September 27, 1994, which was denied on October 21, 1995 and mailed to the parties on October 25, 1994. Appellant's filed their first amended answer and counterclaim on January 8, 1995, asking the trial court to deny Hall's motion to confirm the award and to vacate the award.

■ Appellants admit that they filed the pleadings to vacate the award in excess of 90 days after the *original* award was delivered. They argue that their application was timely because the pleadings were filed less than 90 days after the *final ruling* by the arbitrator. They claim that, under article 232 of the Texas General Arbitration Act, Hall's motion for post-trial conference and for clarification of award on September 27, 1994 operated to extend the time to file a motion to vacate the award until 90 days after the arbitrator's ruling on that motion was delivered. We disagree.

Article 232 provides that an application to the arbitrators to modify or correct an award *shall* be made within 20 days after delivery of the award. We read this language as mandatory, such that arbitrators may not change an award based on an application for modification or correction made outside of that time period. Because Hall's motion for clarification was made more than 20 days after delivery of the award, the arbitrators could not have changed the award.[4] Therefore, Hall's out of time application could not operate to toll the running of the 90 days until October 25.

Furthermore, there is no authority that the mere filing of a motion to clarify an award extends the limitations period to file a motion to vacate the award. Both the Texas General Arbitration Act and interpretive case law are clear that the 90–day limitation period begins to run from the date of the conclusive award itself. It is true that in *Louisiana Natural Gas Pipeline*, the appellate court measured the 90–day limit from the date the *amended* arbitration findings were signed. 875 S.W.2d at 462. In this case, however, because Hall's motion was denied, there was no modified or corrected award to extend the 90–day limitations period. Therefore, any motion to vacate was due 90 days after the initial, and conclusive, award was delivered.

We overrule point of error three.

Our disposition of point of error three renders consideration of appellants' other two points of error unnecessary.

We affirm the judgment of the trial court.

### ORDER ON MOTION FOR REHEARING

Appellants, Teleometrics International, Inc. and Jeffrey A. Goforth, filed a motion for rehearing requesting that this Court set aside its judgment and opinion of December 28, 1995. In three points of error, appellants argue that this Court erred in affirming the judgment of the trial court which confirmed an arbitration award issued in appellee's favor by the American Arbitration Association. Although we deny the motion for rehearing, we supplement our original opinion with the following.

In point one, appellants claim that this Court erred in finding that they failed to file

---

4. We believe that an analogy to rule 329b is appropriate. Under that rule, the time to perfect an appeal begins is extended to 90 days if a *timely* motion for new trial or a timely request for findings of fact and conclusions of law have been filed by any party. TEX.R.CIV.P. 329b(g).

a timely application to vacate the arbitration award within the 90–day period mandated by article 237 of the Texas General Arbitration Act.[1] This point was addressed thoroughly in the original opinion and will not be read-dressed on rehearing.

In points two and three, appellants complain that this Court erroneously ignored their points of error one and two in their brief on appeal[2] to reach the "timely application to vacate" issue. In their motion for rehearing, they argue that it was necessary for this Court to **first** determine whether the parties had a binding and enforceable arbitration agreement under article 224 of the Texas General Arbitration Act[3] in order to affirm the trial court's judgment—regardless of the timeliness of any pleading to vacate the award. They also contend that in order to establish his right to confirmation of the arbitration award, appellee was required to present summary judgment evidence of such an agreement.

Although we determined that the agreement to arbitrate was binding on the parties before reaching the timeliness issue, appellants are correct that our opinion failed to address this finding. We do so now.

**Standard of Review**

■ Former article 224 of the Texas General Arbitration Act states that a court shall refuse to enforce an agreement or contract provision to submit a controversy to arbitration if the court finds it was unconscionable at the time the agreement or contract was entered. Common law allows a trial court to set aside an arbitration award only if the decision is "tainted with fraud, misconduct, or gross mistake as would imply bad faith and failure to exercise honest judgment." *Brozo v. Shearson Lehman Hutton,*

*Inc.,* 865 S.W.2d 509, 510 (Tex.App.—Corpus Christi 1993, no writ). The party which seeks to vacate an arbitrator's award has the burden in the trial court of bringing forth a complete record and establishing any basis that would warrant vacating the award. *Kline v. O'Quinn,* 874 S.W.2d 776, 790 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (op. on reh'g). Because arbitration is favored as a means of dispute resolution, courts indulge every reasonable presumption in favor of upholding the award. *Brozo,* 865 S.W.2d at 510; *Wetzel v. Sullivan, King & Sabom, P.C.,* 745 S.W.2d 78, 81 (Tex.App.—Houston [1st Dist.] 1988, no writ).

■ Appellants claim that this Court's review is filtered through the summary judgment standard. *See Louisiana Natural Gas v. Bludworth Bond Shipyard, Inc.,* 875 S.W.2d 458, 462 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Brozo,* 865 S.W.2d at 510. We disagree. In *Louisiana Natural Gas,* this Court was reviewing the trial court's granting of a *motion for summary judgment* on the defendant's counterclaim for the balance due under an amended arbitration award. 875 S.W.2d at 450. Similarly in *Brozo,* the appellant was appealing the trial court's granting of summary judgment confirming an arbitration award in favor of appellee. 865 S.W.2d at 509. By contrast, in this case, appellee filed a motion to confirm the arbitration award, not a motion for summary judgment; thus, we decline to require that the summary judgment standard applies.

**Evidence of agreement to "binding" arbitration**

On original appeal, appellants contended that appellee provided no proof that the par-

---

1. Tex.Rev.Civ.Stat.Ann. art. 237 (Vernon 1973) was applicable to this case. *See* Act of May 28, 1965, 59th Leg., R.S., ch. 689, § 1, 1965 Tex. Gen.Laws 1593, 1599, *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 588, § 1, 1995 Tex. Gen.Laws 3403, 3403, eff. Sept. 1, 1995, and redesignated as Tex.Civ.Prac. & Rem.Code Ann. § 171.014 (Vernon Supp.1996) (the Uniform Arbitration Act).

2. In their brief on appeal, appellants argued that (1) there was no summary judgment evidence of a binding arbitration agreement between the par-

ties, and (2) that the award was incomplete and unenforceable.

3. Tex.Rev.Civ.Stat.Ann. art. 224 (Vernon Supp. 1995) was applicable to this case. *See* Act of May 25, 1979, 66th Leg., R.S., ch. 704, § 1, 1979 Tex.Gen.Laws 1708, 1708, *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 588, § 1, 1995 Tex.Gen.Laws 3403, 3403, eff. Sept. 1 1995, and redesignated as Tex.Civ.Prac. & Rem.Code Ann. § 171.001 (Vernon Supp.1996) (the Uniform Arbitration Act).

ties agreed that a judgment of the court would be entered on any arbitration award or that the award would be binding. They argued that proof of an agreement to arbitrate is not proof of an agreement that an arbitration award is enforceable by entering judgment thereon.

First, we note that the agreement between the parties met the requirements of former article 224 of the Texas General Arbitration Act for a valid arbitration agreement.[4] Appellee presented to the trial court a written agreement ("the Integrated Agreement") with a provision requiring that any unresolved disputes arising out of the agreement be "submitted and settled" by the American Arbitration Association. The agreement was executed by all parties to this cause of action.

Next, we find that the parties agreed to binding arbitration. Rule 47(c) of the American Arbitration Association's Rules states that, "[P]arties to these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." Thus, by specifically agreeing to submit and settle any disputes arising out of the agreement to the American Arbitration Association, the parties agreed to binding arbitration.

Furthermore, all parties consented that a judgment could be entered by a trial court by virtue of participating in the arbitration proceedings without objection or revocation of agreement to arbitrate until after the award was rendered. *See L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 352 (Tex. 1977) (parties are allowed to withdraw from arbitration agreements, but withdrawal must take place before rendition of an award); *Massey v. Galvan,* 822 S.W.2d 309, 314–16 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (parties enter into a binding arbitration agreement where they do not attempt to withdraw from arbitration until after award has been rendered).

## Validity of arbitration agreement as to Goforth

Appellants point out for the first time on motion for rehearing that former article 224(b) of the Texas General Arbitration Act, which was amended in 1979 and applicable when these contracts were signed, has certain requirements as to "individuals" which were not met in the "Integrated Agreement" between the three parties. Appellants claim that the arbitration clause was in direct violation of former article 224(b) **as to Goforth** because the agreement was neither approved nor signed by Goforth's attorney.[5] Because this argument was not raised by appellants before the arbitrator, the trial court, or in their brief on appeal, it has been waived.

Based on our findings that the parties had a valid and binding arbitration agreement under the Texas General Arbitration Act and that appellee presented evidence of such an agreement, we overrule appellants' points of error two and three on motion for rehearing.

COHEN and TAFT, JJ., also participating.

---

4. Former article 224 provided that, "[A] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." Act of May 25, 1979, 66th Leg., R.S., ch. 704, § 1, 1979 Tex.Gen.Laws 1708, 1708, *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 588, § 1, 1995 Tex.Gen.Laws 3403, 3403.

5. Appellants also point out that the agreement was not signed by the attorneys for the other parties. However, the requirement of ·former article 224 that statutory arbitration agreements be signed by counsel to the parties was part of the 1966 through 1979 version of the statute, and has since been removed except in certain limited instances not applicable here. *See* Act of May 28, 1965, 59th Leg., R.S., ch. 689, § 1, 1965 Tex.Gen.Laws 1593, 1594, *amended by* Act of May 25, 1979, 66th Leg., R.S., ch. 704, § 1, 1979 Tex.Gen.Laws 1708, 1708 (applicable here), *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 588, § 1, 1995 Tex.Gen.Laws 3403, 3403, eff. Sept. 1, 1995, and redesignated as Tex.Civ.Prac. & Rem.Code Ann. § 171.001 (Vernon Supp. 1996) (the Uniform Arbitration Act).