NUMBER 13-06-00505-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JOE L. AYALA, Appellant,


v.
 


FIRST COMMUNITY BANK, N.A., 

C.C. DELUXE PROPERTIES, LTD., 

AND ACE B. WALKER, INDIVIDUALLY , Appellees.

 


On appeal from the 148th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Chief Justice Valdez



 In this restricted appeal, appellant, Joe L. Ayala ("Ayala"), seeks to reverse a final
judgment premised upon an arbitrator's award. By two issues, Ayala contends that the trial
court erred because it failed to enter a judgment reflecting the arbitrator's award and
because it entered a judgment without providing him notice. We reverse and remand.


I. BACKGROUND

 Ayala filed suit against appellees, First Community Bank, N.A., C.C. Deluxe
Properties, L.T.D., and Ace B. Walker, for breach of fiduciary duty, fraud, and negligent
misrepresentation stemming from a prospective real estate transaction. First Community
Bank moved to refer the matter to arbitration pursuant to an arbitration agreement it had
with Ayala. Although the record does not contain an order compelling arbitration, it does
contain a motion for entry of judgment filed by C.C. Deluxe Properties and Ace Walker. 
The motion for entry of judgment had as an attachment an arbitrator's award and
requested that the trial court enter the award as the judgment of the court.

 The arbitrator's award recited the procedural history of the case and the evidence
presented at arbitration. It also contained the following provisions:

3. The decision of the Arbitrator is that Joe Ayala takes nothing from
First Community Bank, N.A., CC Deluxe Properties, Ltd., or Ace
Walker.


4. Attorney's fees and expenses shall be borne by the parties incurring
the same.


5. The administrative fees and expenses of the American Arbitration
Association ("the Association") totaling $12,300.00, and the
compensation and expenses of the Arbitrator totaling $11,689.86,
shall be borne equally by all parties. Therefore, First Community
Bank, N.A. shall reimburse Joe L. Ayala the sum of $1,100.89,
representing that portion of said fees and expenses in excess of the
apportioned cost previously incurred by Joe L. Ayala. CC properties
Ltd. and Ace Walker shall reimburse Joe L. Ayala the sum of
$7,998.22, representing that portion of said fees and expenses in
excess of the apportioned costs previously incurred by Joe L. Ayala,
upon demonstration by Joe Ayala that these incurred costs have been
paid.


 On March 14, 2006, the trial court signed a final judgment. The final judgment reads
in its entirety, "The above-styled and numbered cause having been submitted to arbitration
and an award made in that arbitration, IT IS ORDERED that all parties take nothing by this
suit. Costs are taxed to the party incurring same. This is a final, appealable order." The
final judgment does not mention paragraphs four and five of the arbitrator's award. 

 On August 25, 2006, Ayala filed a motion for entry of final judgment on arbitration
award or, alternatively, motion to modify purported final judgment. No action was taken on
Ayala's motion. He filed a notice of restricted appeal on September 12, 2006. This
restricted appeal ensued.

II. DISCUSSION

 By his first issue, Ayala contends that the trial court erred by failing to enter a
judgment reflecting the arbitrator's award. Ayala argues that he did not participate in the
hearing where the final judgment was entered and that error is apparent on the face of the
record because the trial court's judgment did not provide for the reimbursement of fees he
incurred. 

 To obtain relief through a restricted appeal, Ayala must establish that: (1) he filed
notice of restricted appeal within six months after the judgment was signed; (2) he was a
party to the underlying suit; (3) he did not participate in the hearing that resulted in the
judgment and did not timely file any post-judgment motions or requests for findings of fact
and conclusions of law; and (4) error is apparent on the face of the record. Tex. R. App.
P. 26.1(c), 30; Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004). 

 A review of the record reveals that Ayala filed his notice of restricted appeal within
six months after the judgment was signed and that he was the plaintiff in the underlying
suit. The final judgment is silent as to who attended the hearing when the judgment was
signed. Additionally, there were no timely post-judgment motions. We are, therefore, left
to ascertain whether there is error apparent on the face of the record. 

 In the instant case, ascertaining error on the face of the record involves determining
whether the trial court properly confirmed the arbitrator's award. We review the trial court's
decision to confirm the arbitrator's award de novo. Tanox, Inc. v. Akin, Gump, Strauss,
Hauer & Feld, L.L.P., 105 S.W.3d 244, 250 (Tex. App.-Houston [14th Dist.] 2003, pet.
denied). 

 A trial court may set aside an arbitration award only in limited circumstances; absent
specific common-law or statutory grounds for vacating, modifying, or correcting an award,
the reviewing court must confirm the award. Tex. Civ. Prac. & Rem. Code Ann. § 171.087
(Vernon 2005); L.H. Lacy Co. v. City of Lubbock, 559 S.W.2d 348, 351-52 (Tex. 1977). 
On granting an order that confirms an award, the judgment should conform to the award. 
See Tex. Civ. Prac. & Rem. Code Ann. § 171.092(a) (Vernon 2005). 

 In the instant case, paragraph five of the arbitrator's award divides administrative
expenses between parties and provides for reimbursement to Ayala provided that he
shows proof of payment. The trial court's order is silent as to the provisions of paragraph
five. It, therefore, does not conform to the arbitrator's award and reveals an error that is
apparent on the face of the record. See id. Ayala's first issue is sustained. (1) 

 III. CONCLUSION

 We reverse and remand the case to the trial court for entry of a judgment
conforming to the arbitrator's award.

 

 ROGELIO VALDEZ,

 Chief Justice



Memorandum Opinion delivered and filed 

this the 15th day of November, 2007.

1. This relieves us from having to address Ayala's second issue, for its resolution would not further
affect the outcome of this appeal. Tex. R. App. P. 47.1.