**Manuel Gonzalez NUNO, Appellant,**

v.

**Pedro A. PULIDO and Branda Villarreal, Appellees.**

No. 13–96–207–CV.

Court of Appeals of Texas, Corpus Christi.

April 30, 1997.

Robert A. Allen, Plunkett Gibson & Allen, San Antonio, Alex M. Miller, San Antonio, Rene O. Oliveira, Roerig, Oliveira, & Fisher, Brownsville, for Appellant.

B. Buck Pettitt, Flores, Casso, Romero & Pettitt, McAllen, Ricardo Morado, Roerig, Oliveira & Fisher, Brownsville, Glenn D. Romero, McAllen, for Appellees.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Manuel Gonzalez Nuno, appellant, was involved in an automobile accident with Pedro Pulido and Branda Villarreal, appellees. Appellees brought suit against appellant claiming injuries as a result of appellant's negligence. After submitting their claims to binding arbitration, the trial court accepted the parties' agreement and the arbitrator's award, and entered judgment awarding pre-judgment interest in addition to the arbitrator's award. The only issue on appeal is whether the trial court erred in awarding pre-judgment interest in addition to the arbitrator's award. We hold that the trial court did make such an error, and we reform the

judgment to delete the awards of pre-judgment interest to appellees.

### FACTUAL BACKGROUND

Appellees brought a personal injury suit against appellant for injuries sustained as a result of a car accident which occurred on July 25, 1990. During pendency of the lawsuit, appellant died.[1] Subsequently, all parties agreed to resolve their disputes through binding arbitration. The parties, through their attorneys, executed the terms of their agreement in two documents: an Arbitration Agreement, and a Rule 11 Agreement.

The Arbitration Agreement provides, in relevant part, that "by separate Rule 11 Agreement executed simultaneously with this Arbitration Agreement, all parties to the above-styled lawsuit have agreed to resolve this matter by arbitration ..." The Rule 11 Agreement provides, in pertinent part, that "all parties have agreed to submit this matter to binding arbitration with respect to all claims of Pedro Pulido and Branda Villarreal arising from this occurrence and/or asserted in this lawsuit."

On December 4, 1995, after an arbitration hearing, the arbitrator issued his Award of Arbitration. The arbitrator, after hearing the proofs and allegations of the parties, found and awarded the following:

1. The sum of $46,500 is awarded to Branda Villarreal;

2. The sum of $45,900 is awarded to Pedro A. Pulido;

3. Arbitration fees and expenses shall be borne equally by the parties, unless otherwise agreed; and

4. This Award is in full settlement of all claims submitted to this arbitration.

On January 16, 1996, the trial court entered judgment on appellees' motion. The judgment stated that the trial court "accepts the agreement of the parties and the Award of Arbitrator." The judgment then awarded to appellees, over appellant's objection, the damages awarded by the Arbitration Award along with approximately $27,000 each in pre-judgment interest.[2]

---

1. The estate of appellant is represented by appellant's daughter, Alicia Perez.

2. Although neither the Motion for Entry of Judgment nor the proposed judgment provide a basis for the calculation of pre-judgment interest, this

On February 15, 1996, appellant filed an Amended Motion for Reconsideration and Modification of Judgment. A hearing was conducted on this motion during which the trial judge stated that he awarded pre-judgment interest in addition to the arbitration award because he did not believe that the arbitrator had included pre-judgment interest.[3] The trial court, however, did not rule on appellant's motion which was overruled by operation of law on April 1, 1996.

After appeal was perfected, the parties agreed to execute partial releases of judgment on the portion of the judgment which represented actual damages awarded by the arbitrator. Accordingly, the only issue before us on appeal is whether the trial court erred in awarding pre-judgment interest in addition to the arbitration award.

## DISCUSSION

In two points of error, appellant argues that the trial court erred when it entered judgment which awarded pre-judgment interest in addition to the arbitrator's award because the judgment conflicts with the agreement between the parties to resolve the lawsuit in the amount of the arbitrator's award, and there is no evidence justifying modification of the arbitrator's award. We agree.

When the parties have reached a settlement agreement, the trial court acts in a ministerial capacity in entering judgment. *Dancy v. Cave,* 760 S.W.2d 40, 44 (Tex. App.—Amarillo 1988, no writ); *Travelers Ins. Co. v. Williams,* 603 S.W.2d 258, 262 (Tex.Civ.App.—Corpus Christi 1980, no writ). When a trial court renders judgment on the parties' settlement agreement, the judgment must be in strict or literal compliance with the terms of the agreement. *Vickrey v. American Youth Camps, Inc.,* 532 S.W.2d 292, 292 (Tex.1976); *Tinney v. Willingham,* 897 S.W.2d 543, 544 (Tex.App.—Fort Worth 1995, no writ); *Delta Drilling Co. v. Cruz,* 707 S.W.2d 660, 669 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). Where the judgment does not conform to the settlement agreement, the judgment will be rendered unenforceable. *Delta Drilling Co.,* 707 S.W.2d at 669.

Appellees argue that the settlement agreement did not contemplate pre-judgment interest, and that, because an award of pre-judgment interest is mandatory in a personal injury case, *see* TEX.REV.CIV.STAT.ANN. art. 5069–1.05, § 6(a) (Vernon Supp.1997), the trial court was obligated to award pre-judgment interest in addition to actual damages. Although we agree that pre-judgment interest is mandatory, it is our opinion that such interest was encompassed in the settlement agreement entered into by all parties.

A settlement agreement is a contract, and its construction is governed by legal principles applicable to contracts generally. *Old Republic Ins. Co. v. Fuller,* 919 S.W.2d 726, 728 (Tex.App.—Texarkana 1996, writ denied); *Stevens v. Snyder,* 874 S.W.2d 241, 243 (Tex.App.—Dallas 1994, writ denied). Ordinary principles of contact law require us to ascertain the true intentions of the parties as expressed in the entire contract. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983); *Kline v. O'Quinn,* 874 S.W.2d 776, 782 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Language used by the parties in a contract should be accorded its plain grammatical meaning unless it definitely appears that the intentions of the parties would be thereby defeated. *Lyons v. Montgomery,* 701 S.W.2d 641, 643 (Tex.1985). We must avoid, when possible and proper, a construction which is unreasonable, inequitable, and oppressive. *Reilly v. Rangers Management Inc.,* 727 S.W.2d 527, 530 (Tex.1987).

Applying these principles to the case at hand, we note that the parties agreed to submit their claims to binding arbitration. The Rule 11 agreement signed by all parties specifically states that "all parties have

---

amount of pre-judgment interest represents accrual of interest on the arbitration awards at an annual rate of 10% for approximately five years.

**3.** The trial judge stated that, in awarding pre-judgment interest in addition to the Arbitration Award, he used a "real logical approach." The judge explained that the amount of the arbitration award would not have been a round figure had the arbitrator calculated pre-judgment interest.

agreed to submit this matter to binding arbitration with respect to *all claims* of Pedro Pulido and Branda Villarreal *arising from this occurrence and/or asserted in this lawsuit."* (Emphasis added). At the time the case was submitted to arbitration, appellees' live petition specifically included a claim for pre-judgment interest. Accordingly, we hold that appellees' claim for pre-judgment interest was submitted to arbitration. Therefore, when the arbitrator issued his Award of Arbitrator, which was issued in "full settlement of *all claims* submitted to this arbitration," appellees' claim for pre-judgment interest was included in that award.[4] (Emphasis added).

In light of this holding, we find that the judgment proposed by appellees, and eventually signed by the trial court, conflicts with the settlement agreement. Specifically, the trial court's award of pre-judgment interest clearly exceeded the agreed-upon settlement amount which had already accounted for pre-judgment interest. Therefore, we sustain appellant's first point of error, and unless there was evidence justifying a modification of the settlement agreement, we must reform the judgment.

■ Generally, an arbitration award is given the same effect as a final judgment of a court of last resort. *See City of San Antonio v. McKenzie Const. Co.,* 136 Tex. 315, 150 S.W.2d 989 (1941); *J.J. Gregory Gourmet Servs., Inc. v. Antone's Import Co.,* 927 S.W.2d 31, 33 (Tex.App.—Houston [1st Dist.] 1995, no writ); *House Grain Co. v. Obst,* 659 S.W.2d 903, 905–06 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Arbitration awards are favored by the courts to dispose of pending disputes; therefore, every reasonable presumption will be indulged to uphold the arbitration proceeding. *House Grain,* 659 S.W.2d at 905–06. A trial court can modify and invalidate such an award only if it finds the arbitrator, in making his decision, was guilty of fraud, misconduct, or such gross mistake as would imply bad faith or failure to exercise an honest judgment. *J.J.*

*Gregory,* 927 S.W.2d at 33; *Teleometrics Int'l., Inc. v. Hall,* 922 S.W.2d 189, 193 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *House Grain,* 659 S.W.2d at 905–06. A mere mistake of fact or law is insufficient to set aside an arbitration award; only those errors of fact or law that result in a fraud or some great and manifest wrong and injustice warrant setting aside an arbitration award. *Island on Lake Travis, Ltd. v. Hayman Co.,* 834 S.W.2d 529, 533 (Tex.App.—Austin 1992), *writ dism'd by agr.,* 848 S.W.2d 84 (Tex. 1993); *House Grain,* 659 S.W.2d at 906. The party complaining of the arbitrator's award has the burden of showing such conduct on the part of the arbitrator. *Teleometrics,* 922 S.W.2d at 193; *Kline,* 874 S.W.2d at 790 (op. on reh'g).

■ In his second point, appellant claims that there was no evidence to show the arbitrator's decision was based on fraud, misconduct, or gross mistake. In reviewing "no evidence" or legal sufficiency points, the court considers only the evidence and inferences, when viewed in their most favorable light, that tend to support the finding under attack, and disregards all evidence and inferences to the contrary. *C & H Nationwide, Inc. v. Thompson,* 903 S.W.2d 315, 332 (Tex. 1994); *Havner v. E–Z Mart Stores, Inc.,* 825 S.W.2d 456, 458 (Tex.1992). When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Associated Indem. Corp. v. CAT Contracting, Inc.,* 918 S.W.2d 580, 588 (Tex.App.—Corpus Christi 1996, no writ) (quoting *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983)).

■ We hold, after reviewing the record in the proper light, that appellees did not present any evidence that the arbitrator's award was tainted by fraud, misconduct, or gross mistake. Their Motion for Entry of Judgment simply requests that the trial court enter judgment including an additional sum for pre-judgment interest. The fact

---

**4.** This is consistent with Texas case law that states that all claims submitted to arbitration are merged into the award. *See Kline v. O'Quinn,* 874 S.W.2d 776, 782 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Kermacy v. First Unitarian Church of Austin,* 361 S.W.2d 734 (Tex.Civ. App.—Austin 1962, writ ref'd n.r.e.).

that the arbitrator's award was rounded to the nearest one-hundred dollars does not aid appellees in this respect. *See Blount v. Bordens, Inc.,* 910 S.W.2d 931, 933 (Tex.1995) (to constitute evidence, an inference from an inferred fact must be more probable than other non-culpable facts). Appellant's second point of error is sustained.

### CONCLUSION

In conclusion, we hold that appellees' claims for pre-judgment interest were submitted to binding arbitration pursuant to their own agreement. Thus, the trial court erred in entering judgment awarding pre-judgment interest in addition to the arbitration award because such a judgment conflicts with the parties' agreement to resolve the lawsuit in the amount of the arbitrator's award, and there is no evidence of fraud, misconduct, or gross mistake sufficient to justify such a modification. Appellant's two points of error are sustained. Accordingly, we reform the judgment of the trial court to delete the award of pre-judgment interest to appellees. The judgment of the trial court is, in all other respects, affirmed.