Blumberg v. Bergh

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-138-CV

DANIEL BLUMBERG AND DANIEL APPELLANTS

BLUMBERG AND ASSOCIATES

V.

DAVID BERGH APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Daniel Blumberg and Daniel Blumberg and Associates (collectively, Blumberg) appeal the trial court’s judgment confirming an arbitration award for David Bergh.  In eleven issues, Blumberg complains that the trial court erred by confirming the arbitration award without giving him sufficient notice and without conducting a trial, thereby violating his federal and state constitutional rights; striking Blumberg’s special exceptions and his motion to transfer the case to a different court; refusing to allow Blumberg to conduct discovery; denying Blumberg’s motion for continuance; awarding Bergh prejudgment interest on the amount of the arbitration award; and denying or refusing to consider Blumberg’s two motions for new trial.  We will modify the trial court’s judgment in part and affirm it as modified.

Background Facts and Procedural History

On April 2, 2002, Blumberg, an attorney, and Bergh, his former client, arbitrated a dispute regarding attorney’s fees.  The arbitration panel awarded Bergh $12,342.56 and ordered Blumberg to pay that amount to Bergh within thirty days.  Blumberg did not pay the arbitration award; therefore, in September 2003, Bergh petitioned the trial court to confirm the award. In response, Blumberg filed a general denial and specially excepted to Bergh’s pleadings.  Blumberg also raised the following affirmative defenses:  the arbitration award was unenforceable because Blumberg had not agreed to arbitrate the dispute; the award was invalid because it was rendered as a result of the arbitrators’ mistake concerning their authority to arbitrate; Blumberg’s participation in the arbitration proceeding was a result of fraud, duress, mistake, or misconduct; the arbitration award was unenforceable because the arbitration panel had misapplied the law; Bergh was estopped from arbitrating because he and Blumberg had contracted to mediate their dispute and had previously settled their dispute in mediation; and Bergh’s petition to confirm the arbitration award was barred by laches, waiver, and the nonoccurrence of one or more conditions precedent in the arbitration award. 

Blumberg also served discovery on Bergh and moved to transfer  the case to the 342nd District Court in Tarrant County for consolidation with a matter pending there that had given rise to the fee dispute.  Bergh, in turn, moved for a protective order regarding the propounded discovery, moved to strike Blumberg’s motion to transfer and consolidate, and sought the imposition of sanctions against Blumberg based on procedural rules 13 and 215(2) and chapter 10 of the civil practice and remedies code.
(footnote: 2)  

The trial court set these matters for hearing on December 11, 2003.  On December 11, Blumberg moved to continue part of the hearing to a later date due to the absence of his law partner, Peter F. Bagley, whom Blumberg planned to call as a witness.  The court ruled, however, that it would “conclude the matter today” after Bergh agreed to stipulate to the contents of Bagley’s affidavit, which was attached to the motion for continuance. 

After allowing Blumberg to present evidence
(footnote: 3) at the December 11 hearing and considering arguments from both parties, the trial court overruled Blumberg’s special exceptions, granted Bergh’s request for a protective order, struck Blumberg’s motion to transfer and consolidate, denied Bergh’s motion for sanctions, and rendered judgment confirming the arbitration award.  This appeal followed. 

Propriety of “Summary Proceeding”

In his first issue, Blumberg contends that the trial court committed reversible error by confirming the arbitration award after conducting only a “summary proceeding” rather than holding a trial on the merits, or at least requiring Bergh to move for summary judgment on the arbitration award.  In his second issue, Blumberg asserts that the trial court improperly decided the merits of Bergh’s petition at the December 11 hearing because Blumberg had not been afforded the 45 and 75 days’ notice of the hearing required by the Texas Rules of Civil Procedure and the Tarrant County Local Rules, respectively.
(footnote: 4) 

Bergh sought confirmation of the arbitration award under the Texas General Arbitration Act (the Act).
(footnote: 5)  After an arbitration award has been entered, the Act allows a party to apply for a court order confirming the award.
(footnote: 6) 
 The Act does not require the application to be in any particular format, although it does give the trial court the discretion to require certain basic contents in the application.
(footnote: 7)
 The Act also provides that the hearing on the application is subject to the same notice and hearing requirements that are applicable to a motion filed in a pending civil action in a district court.
(footnote: 8) 
 This provision is similar to section 6 of 

the Federal Arbitration Act
(footnote: 9) and has the same policy—to expedite judicial treatment of matters pertaining to arbitration.
(footnote: 10) 
 Thus, the procedure for deciding an application to confirm an arbitration award is the same as for any other civil motion:  three days’ notice and an evidentiary hearing if necessary.
(footnote: 11) 
 The Act does not place any additional notice or hearing requirements, such as those governing trials or motions for summary judgment, on award confirmation proceedings.
(footnote: 12) 

An arbitration award has the same effect as the judgment of a court of last resort; therefore, “[a]ll reasonable presumptions are indulged in favor of the award, and none against it.”
(footnote: 13)  Accordingly, once an application to confirm an 

arbitration award is filed, unless limited grounds are offered for vacating, modifying, or correcting it, the trial court must confirm the award.
(footnote: 14)  The fact that the type of relief granted by the arbitrators could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award.
(footnote: 15) 

The party asserting grounds for vacating, modifying, or correcting the arbitration award has the burden of proving them.
(footnote: 16)  Moreover, except in cases where it is alleged that the award was obtained by corruption, fraud, or other undue means, the statutory grounds for vacating, modifying, or correcting the award must be raised by the 90th day after delivery of the award to the party asserting such grounds.
(footnote: 17) 
 If corruption, fraud, or other undue means are alleged, the party asserting those grounds must do so by the 90th day after the grounds were or should have been known to him.
(footnote: 18) 

In this case, Blumberg received several weeks’ notice of the hearing on Bergh’s application, and the trial court conducted a hearing at which it allowed Blumberg to put on evidence.  Therefore, the trial court satisfied the Act’s hearing and notice requirements.
(footnote: 19) 
 Moreover, absent a provision in an arbitration agreement to the contrary, rules of civil procedure and evidence other than those required by the Act do not apply to arbitration proceedings governed by the Act.
(footnote: 20) 

Further, Blumberg’s grounds for vacating the arbitration award were first raised in his original answer, which was filed on October 27, 2003; they were not raised by the 90th day after delivery of the arbitration award to Blumberg. Therefore, many of Blumberg’s grounds for vacating the arbitration award were time-barred.
(footnote: 21)  Blumberg acknowledged this deficiency at the hearing, but argued that the Act allows “other defenses” to be raised after the 90-day deadline and asserted that he was only seeking to advance those grounds.
(footnote: 22)
 The only statutory grounds not subject to the 90-day deadline are complaints that the award was obtained by corruption, fraud, or other undue means.
(footnote: 23)  Assuming, for argument’s sake, that Blumberg was also entitled to raise common-law grounds as defenses to confirmation of the arbitration award, those are limited to public policy violations, fraud, misconduct, or gross mistake that implied bad faith and failure to exercise honest judgment.
(footnote: 24)
 At the hearing, Blumberg did not raise any public policy grounds,
(footnote: 25) and he did not put on any evidence of corruption, fraud, or bad faith.  He contended that he had participated in the arbitration “kicking and screaming” because the Chair of the Tarrant County Bar Association Fee Arbitration Committee had informed him that his failure to arbitrate could subject him to a grievance investigation by the State Bar of Texas.
(footnote: 26)  He further stated that he had learned “later”
(footnote: 27) that his refusal to arbitrate would not have been grievable and that he would not have been subject to an investigation by the State Bar.  Therefore, he argued that his participation in the arbitration could be called “fraud, duress, mistake, misconduct, or any or all of those things.” 

Blumberg did not, however, put on any evidence to support his contention that the information the arbitration committee had provided him was false, nor did he even attempt to show how or when he had learned that it was false.  Further, the record shows that the gravamen of Blumberg’s complaint was not that the arbitration committee had intentionally or recklessly misled him but that it had been mistaken about whether his refusal to arbitrate could result in a grievance investigation.  For example, Blumberg argued that the arbitration panel

apparently misunderstood entirely its role in enforcing the parties’ agreement . . . .  I don’t think the arbitration panel did what it did maliciously. . . .  I do not think badly of the panel or the dispute arbitration committee, I am simply of the opinion that it erred, and I think the substance of that error is something the Court is permitted to examine. 

Alleged misunderstandings of this nature, even if supported by evidence, do not constitute corruption, fraud, or other undue means for obtaining an arbitration award.  The essence of Blumberg’s complaint is that the arbitration panel made an error of fact or law.  This is not an appropriate ground for setting aside an arbitration award.
(footnote: 28)
 For all of the foregoing reasons, we hold that the trial court did not err by rendering judgment following the December 11, 2003 hearing rather than conducting a trial on the merits or a summary judgment proceeding.  We further hold that Blumberg was not entitled to 45 or 75 days’ notice of the hearing under the Act.  Accordingly, we overrule Blumberg’s first and second issues.

Special Exceptions

In his third issue, Blumberg complains that the trial court erred by striking, without a hearing, his special exceptions to Bergh’s petition to confirm the arbitration award.   Blumberg specially excepted to Bergh’s petition on the following grounds:

• that the petition improperly named “Daniel Blumberg & Associates” as a party to the confirmation proceeding even though Blumberg has never done business under that name;
(footnote: 29) and

• that the petition’s allegation that Bergh and Blumberg entered into a written agreement to arbitrate their fee dispute was not supported by the evidence attached to the pleading and that Bergh did not plead any other facts which, if true, would bind Blumberg to the arbitration award.
(footnote: 30) 

Both of these grounds are subject to the Act’s 90-day limitations period, which Blumberg admittedly failed to meet.
(footnote: 31)  Therefore, the trial court did not err in striking them.  Blumberg cannot avoid the consequences of his failure to comply with the Act’s deadlines by recasting his grounds for vacating or modifying the arbitration award as special exceptions.  We overrule his third issue in part.
(footnote: 32)
Discovery

In his fourth issue, Blumberg contends that the trial court improperly granted Bergh’s motion for a protective order because it denied Blumberg an opportunity to conduct discovery pertinent to his grounds for vacating or modifying the arbitration award.  He asserts that a complete denial of discovery in cases in which grounds for vacating or modifying an arbitration award are advanced “threatens a miscarriage of justice.”  As we have previously noted, however, virtually all of Blumberg’s grounds for vacating or modifying the arbitration award are either time-barred or are not recognized grounds for setting aside an arbitration award under either the Act or the common law.  Therefore, he was not entitled to conduct discovery to advance those time-barred or otherwise meritless grounds.

Moreover, Blumberg does not describe what evidence Bergh may have provided to support Blumberg’s one potentially viable ground:  that the arbitration panel had induced him to arbitrate by fraud or corruption or in bad faith.  Indeed, the record does not show what type of discovery Blumberg sought; he merely filed a one-sentence certificate in the trial court certifying that he had faxed discovery requests to Bergh.  Accordingly, we hold that the trial court did not abuse its discretion by refusing to allow Blumberg to conduct discovery on this ground.
(footnote: 33) 
 We overrule Blumberg’s fourth issue.

Constitutional Challenges

In his eighth issue, Blumberg asserts that the trial court’s rendition of judgment after only a summary proceeding violated his right to due process under the federal constitution and his rights to due process and due course of law under the Texas Constitution. 

To support his federal due process argument, Blumberg cites two cases holding that due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest.
(footnote: 34) 
 Nothing in these cases, however, supports Blumberg’s contention that federal due process mandates a jury trial or a summary judgment proceeding on an application to confirm an arbitration award.
(footnote: 35) 
 Further, the Act provides for notice and a hearing and Blumberg received both.  Accordingly, we overrule Blumberg’s federal due process complaint.

Next, Blumberg asserts that the Act’s summary procedures governing the confirmation of arbitration awards violate the open courts and due course of law provisions of the Texas Constitution.
(footnote: 36)  We disagree.

In determining the constitutionality of a statute, we begin with the presumption that it is constitutional.
(footnote: 37) 
 Therefore, to prevail on an open courts complaint, a litigant must show two things:  that he has a cognizable common-law cause of action that is being restricted; and that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.
(footnote: 38) 
 In reviewing a due course of law complaint, we determine whether the litigant has a liberty or property interest that is entitled to procedural due process protection and, if so, what process is due.
(footnote: 39) 

Turning to Blumberg’s open courts complaint, few of his grounds for vacating or modifying the arbitration award are common-law causes of action.  Instead, they are affirmative defenses or matters in avoidance and were pleaded as such.
(footnote: 40) 
 Moreover, the Act’s procedural requirements are neither unreasonable nor arbitrary when balanced against the purpose for the statute.  The “fundamental purpose of arbitration [is] to provide a rapid, less expensive 
alternative
 to traditional litigation.”
(footnote: 41) 
 The Act’s summary procedures help to achieve this purpose, while requiring a jury trial and full compliance with the rules of civil procedure as Blumberg urges would defeat it entirely.  Therefore, we overrule Blumberg’s open courts complaint.

In Blumberg’s due course of law argument, he contends that the supreme court “has determined what process is due” by promulgating the rules of civil procedure, which require either a trial on the merits or a summary judgment proceeding in all civil actions in which the defendant has appeared and answered.  Given that the supreme court has stated that arbitration is a rapid alternative to litigation,
(footnote: 42) this argument also fails.  We overrule Blumberg’s eighth issue.

Postarbitration Interest

In his sixth issue, Blumberg complains that the trial court erred by awarding Bergh prejudgment interest on the arbitration award.  Bergh contends that the interest, which he characterizes as postarbitration interest, is proper because it is well settled that an arbitrator’s award is given the same effect as a judgment of a court of last resort, and the finance code provides for all such  judgments to earn postjudgment interest.
(footnote: 43) 
 We agree with Blumberg.

In this case, the trial court awarded Bergh postarbitration interest of $1002.12 on the arbitration award.  The trial court also awarded Bergh postjudgment interest on the amount of the arbitration award, the postarbitration interest, and court costs of $220 at the rate of five percent per annum.  Thus, the postarbitration interest was in the nature of prejudgment interest.

The arbitration award did not award prejudgment or postarbitration interest, and neither the Act nor the finance code authorizes such interest in a case involving a fee dispute.
(footnote: 44) 
 Further, the finance code only authorizes post-judgment interest awards in money judgments rendered by 
courts
.
(footnote: 45)  Arbitrators are not courts.
(footnote: 46) 

Finally, to allow a trial court to award postarbitration or prejudgment interest when none is authorized by statute, the arbitration agreement, or the arbitration award would be tantamount to allowing the court to modify the award in contravention of the Act.  Modification is proper only in the event of certain miscalculations or mistakes, none of which is alleged to have occurred here.
(footnote: 47) 

For all of these reasons, we hold that the trial court erred by awarding Bergh postarbitration interest.
(footnote: 48)  We sustain Blumberg’s sixth issue.
(footnote: 49)
Sanctions

In his sole cross-issue, Bergh contends that this is a frivolous appeal and asks us to assess sanctions against Blumberg under appellate rule 45 and chapter 10 of the civil practice and remedies code.
(footnote: 50) 
 Because Blumberg’s issues regarding the trial court’s award of postarbitration interest have merit, we overrule Bergh’s cross-issue.

Conclusion

Having sustained Blumberg’s issues regarding the award of postarbitration interest, we modify the trial court’s judgment to omit that award and to provide that postjudgment interest shall accrue only on the $12,342.56 arbitration award plus the $220 in costs awarded by the trial court.  Having disposed of all other issues on appeal,
(footnote: 51) we affirm the trial court’s judgment as modified.
(footnote: 52)

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: May 5, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. Civ. P.
 13, 215(2); 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 10.001–.005 (Vernon 2002).

3:
The trial court admitted Bagley’s affidavit, which contained what Blumberg characterized as “the most important and salient points” of Bagley’s proposed testimony.  The court also allowed Blumberg to put on evidence of his communications with the arbitration panel and his and Bergh’s contract for legal services.  

4:
See
 
Tex. R. Civ. P.
 245; 
Tarrant County (Tex.) Loc. R.
 3.01(c).

5:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 171.001–.098 (Vernon Supp. 2004-05).

6:
Id.
 §§ 171.086(b)(6), .087.

7:
Id.
 § 171.085.  The trial court in this case did not exercise its discretion under section 171.085, but the application substantially complies with that section. 

8:
Id.
 § 171.093.

9:
See 
9 U.S.C.A. § 6 (West 1999) (“Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.”).

10:
Crossmark, Inc. v. Hazar,
 124 S.W.3d 422, 430 (Tex. App.—Dallas 2004, pet. denied). 

11:
See
 
Tex. R. Civ. P.
 21; 
Crossmark,
 124 S.W.3d at 430.

12:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.093; 
see also Crossmark,
 124 S.W.3d at 430 (holding that the Act does not require a summary judgment motion to confirm, modify, or vacate an arbitration award).

13:
CVN Group, Inc v. Delgado,
 95 S.W.3d 234, 238 (Tex. 2002); 
see also Daniewicz v. Thermo Instrument Sys., Inc.,
 992 S.W.2d 713, 716 (Tex. App.—Austin 1999, pet. denied) (holding that arbitration awards are “entitled to great deference in a court of law lest disappointed litigants seek to overturn every unfavorable arbitration award in court”).

14:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 171.087, .088, .091.  The trial court must vacate an arbitration award if

(1)  the award was obtained by corruption, fraud, or other undue means;

(2)  the rights of a party were prejudiced by evident partiality by an arbitrator appointed as a neutral arbitrator, corruption in an arbitrator, or misconduct or wilful misbehavior of an arbitrator;

(3)  the arbitrators exceeded their powers; refused to postpone the hearing after a showing of sufficient cause for the postponement, refused to hear evidence material to the controversy, or conducted the hearing contrary to the Act in a manner that substantially prejudiced a party’s rights;  or

(4)  there was no agreement to arbitrate.

Id.
 § 171.088(a).

The trial court must modify or correct an arbitration award if

(1) the award contains an evident miscalculation of numbers or an evident mistake in the description of a person, thing, or property referred to in the award;

(2) the arbitrators have made an award with respect to a matter not submitted to them and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted; or

(3) the form of the award is imperfect in a manner not affecting the merits of the controversy.

Id.
 § 171.091(a).

15:
Id.
 § 171.090.

16:
See Mariner Fin. Group, Inc. v. Bossley,
 79 S.W.3d 30, 32-35 (Tex. 2002); 
Nuno v. Pulido,
 946 S.W.2d 448, 452 (Tex. App.—Corpus Christi 1997, no writ).  An exception to this rule arises when the party seeking to confirm the arbitration award moves for summary judgment on the award rather than following the simple procedure authorized by the Act.  In that situation, summary judgment procedure and burdens of proof apply, even though the party seeking to avoid confirmation of the award has the ultimate burden of proof.  
See Bossley,
 79 S.W.3d at 32-35; 
Crossmark,
 124 S.W.3d at 430.  The exception does not apply here, however, because Bergh did not move for summary judgment; instead, he properly utilized the confirmation procedure provided in the Act.

17:
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 171.088(b), .091(b). 

18:
Id.
 § 171.088(b).

19:
See id.
 § 171.093; 
Crossmark,
 124 S.W.3d at 430. 

20:
Crossmark,
 124 S.W.3d at 432 n.10; 
see also
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 171.043–.047, .082–.098 (setting out procedures governing arbitration proceedings and judicial review of same);
 Prudential Secs., Inc. v. Marshall,
 909 S.W.2d 896, 900 (Tex. 1995) (orig. proceeding) (stating that arbitration is an inexpensive, rapid 
alternative
 to traditional litigation procedures).

Blumberg’s reliance on 
Bossley
, 
supra
 note 16, and our opinion in 
J.D. Edwards World Solutions v. Estes, Inc., 
91 S.W.3d 836, 840 (Tex. App.—Fort Worth 2002, pet. denied), is misplaced; neither supports his position that a summary judgment proceeding or a trial on the merits is required any time grounds for vacating or modifying the arbitration award are raised.  In fact, 
Estes
 applied the summary procedures authorized by the Act and the FAA to the trial court’s vacatur of an arbitration award and the appeal thereof.  
See id.
 at 839-40.

21:
See Teleometrics Int’l, Inc. v. Hall,
 922 S.W.2d 189, 192 (Tex. App.—Houston [1st Dist.] 1995, writ denied); 
La. Nat. Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc.,
 875 S.W.2d 458, 462 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (both holding that 90-day period for seeking vacation, modification, or correction of arbitration award is limitations period after which party no longer has right to these remedies).  Blumberg’s grounds that were time-barred under the Act included his contention that there was no agreement to arbitrate and that the arbitrators mistakenly exceeded their authority or engaged in misconduct or wilful misbehavior.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.088(a)(2)-(4).

22:
Although Blumberg relies on former sections 171.013–.014 of the Act for this proposition, those sections were recodified as sections 171.088 and 171.091, respectively, several years before both the arbitration proceeding and the December 2003 hearing.  
See
 Act of May 24, 1995, 74th Leg., R.S., ch. 588, § 1, secs. 171.013–.014, 1995 Tex. Gen. Laws 3402, 3407-08, 
revised by
 Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 5.01, secs. 171.088, .091, 1997 Tex. Gen. Laws 329, 334-335 (current version at 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 171.088, .091).

23:
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.088(a)(1).  Blumberg’s grounds of misapplication of the law, estoppel, laches, waiver, and the nonoccurrence of a condition precedent are not recognized under the Act.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 171.088, .090–.091.

24:
See CVN Group,
 95 S.W.3d at 238-39; 
Crossmark,
 124 S.W.3d at 430 n.6; 
Lee v. El Paso County,
 965 S.W.2d 668, 673 (Tex. App.—El Paso 1998, pet. denied); 
Nuno,
 946 S.W.2d at 452.  The supreme court has recognized that a question exists regarding whether common-law grounds for refusing to confirm arbitration awards have been preempted by statutes governing arbitration, but has not decided that issue.  
See CVN Group,
 95 S.W.3d at 237; 
see also Riha v. Smulcer,
 843 S.W.2d 289, 292 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (applying common-law grounds to arbitration award that was the result of 
common-law,
 not statutory, arbitration).  We do not reach the issue in this case, either, because it does not affect the final disposition of this appeal.  
See
 
Tex. R. App. P.
 47.1. 

25:
See CVN Group,
 95 S.W.3d at 239 (holding that arbitration award cannot be set aside on public policy grounds except in extraordinary case in which award clearly violates carefully articulated, fundamental policy).

26:
The Tarrant County Bar Assocation’s fee arbitration rules provide,

In the event an attorney subject to these Rules . . . , following notice, fails or refuses to arbitrate a fee dispute when requested to do so by the Chairperson of the Committee, the Chairperson of the Committee shall notify the President of the Association and promptly refer the matter to the Office of the General Counsel of the State Bar of Texas for investigation as a potential grievance.

27:
He provided no evidence of when “later” was.

28:
Crossmark,
 124 S.W.3d at 429; 
Anzilotti v. Gene D. Liggin, Inc.,
 899 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, no writ).

29:
The arbitration award itself provides that “Daniel Blumberg and Daniel Blumberg & Associates shall pay the sum of $12,342.56 to David Bergh.”  A “mistake in the description of a person . . . referred to in the award” is a statutory ground for modifying or correcting the award.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.091(a)(1)(B).
  Blumberg acknowledges, however, that he did business “for some years” under the name “Blumberg & Associates.”  

30:
This is in essence an assertion that there was no agreement to arbitrate, which is a statutory ground for vacating the award.  
Id.
 § 171.088(a)(4).

31:
See id.
 §§ 171.088(b), .091(b).

32:
We address Blumberg’s other arguments presented under issue three in our discussion of postarbitration interest.

33:
See In re Colonial Pipeline Co.,
 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (holding that scope of discovery is largely within trial court's discretion).

34:
See Henderson v. Dep’t of Pub. Safety & Corrections,
 901 F.2d 1288, 1293-94 (5th Cir. 1990); 
Veillon v. Expl. Servs., Inc.,
 876 F.2d 1197, 1201-02 (5th Cir. 1989) (both discussing federal due process in context of federal rule 11 sanctions). 

35:
See
 
Tex. R. App. P.
 38.1(h) (providing that appellate arguments must be supported by appropriate citations to authorities).

36:
The open courts provision provides, “All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.”  
Tex. Const.
 art. I, § 13.  The due course of law provision provides, “No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.”  
Tex. Const.
 art. I, § 19.

37:
Enron Corp. v. Spring ISD,
 922 S.W.2d 931, 934 (Tex. 1996). 

38:
See Earle v. Ratliff,
 998 S.W.2d 882, 889 (Tex. 1999); 
Sax v. Votteler,
 648 S.W.2d 661, 666 (Tex. 1983).

39:
Univ. of Tex. Med. School at Houston v. Than,
 901 S.W.2d 926, 929 (Tex. 1995).

40:
See
 
Tex. R. Civ. P.
 94. 

41:
Marshall,
 909 S.W.2d at 900 (emphasis supplied).

42:
See id.

43:
See
 
Tex. Fin. Code Ann.
 § 304.003(a) (Vernon 2004-05); 
CVN Group,
 95 S.W.3d at 238. 

44:
See Malley v. Law Office of Daniel W. Lowe, P.C.,
 No. 05-00-01972-CV, 2002 WL 746355, at *3 (Tex. App.—Dallas April 29, 2002, no pet.) (not designated for publication) (holding that Act does not authorize postaward interest); 
see also
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.092(b) (Vernon 2004-05) (only authorizing trial court to award costs when confirming arbitration award); 
Tex. Fin. Code Ann.
 § 304.101 (Vernon 2004-05) (authorizing prejudgment interest only in wrongful death, personal injury, and property damage cases). 

45:
Tex. Fin. Code Ann.
 § 304.002–.03 (Vernon 2004-05).

46:
See, e.g.,
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.041 (Vernon 2004-05) (setting out procedures for appointing arbitrators).

47:
See id.
 § 171.091.

48:
We decline to follow 
Kermacy v. First Unitarian Church of Austin,
 361 S.W.2d 734, 735-36 (Tex. Civ. App.—Austin 1962, writ ref’d n.r.e.).  That case was decided before passage of the Act and, for the reasons stated herein, we disagree with its equation of an arbitration award with a judgment rendered by a court for purposes of postjudgment interest.

49:
For these same reasons, we also sustain Blumberg’s argument in his third issue that the trial court erred by striking his special exception to Bergh’s petition, which complained that Bergh did not plead any facts that would entitle him to prejudgment interest. 

50:
See
 
Tex. R. App. P.
 45
; Tex. Civ. Prac. & Rem. Code Ann.
 §§ 10.001–.005. 

51:
We have not addressed Blumberg’s remaining issues because, as he acknowledges, they are not briefed.  
See
 
Tex. R. App. P.
 38.1(h); 
Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994).

52:
See
 
Tex. R. App. P.
 43.2(b).